In the Matter of the Application of GEORGE H. ITTLEMAN and FELIX L. ITTLEMAN, as Executors, etc., of LENA ITTLEMAN, Deceased, MAX FRIEDMAN and LEO H. RICH, for Payment of an Award in the Matter of the City of New York Acquiring Title Wherever the Same Has Not Been Heretofore Acquired for the Purpose of Establishing Thereon a Public Beach to All Land and Land under Water Not Heretofore Acquired by the City of New York for Park Purposes, Extending from Jacob Riis Park to the Westerly Line of Beach 2nd Street, Far Rockaway, in the Fifth Ward of the Borough of Queens, City of New York, Laid Out as a Public Beach upon the Map or Plan, City of New York, Damage Parcel Nos. 673A, 674B, 675, 676 and 677. GEORGE H. ITTLEMAN and FELIX L. ITTLEMAN as Executors, etc., of LENA ITTLEMAN, Deceased, MAX FRIEDMAN and LEO H. RICH, Appellants; THE CITY OF NEW YORK, Respondent.— In a condemnation proceeding, an order was made denying claimants' motion that the city of New York pay interest on certain moneys held by the comptroller pursuant to stipulation. Order modified by directing payment of interest on the sum of $2,760.96 from July 12, 1934, to February 23, 1938, and, as so modified, affirmed, with ten dollars costs and disbursements to the appellants. Lazansky, P. J., Carswell and Close, JJ., concur with the following memorandum: Title vested in the city on October 19, 1925. By the first separate and partial final decree of July 28, 1931, an award was made to claimants amounting to $131,377 which, with interest, made a total of $176,723.96. There was no assessment for benefit therein. Such assessment was to be made by later decree, pursuant to a resolution of the board of estimate and apportionment. A substantial part of the award had been paid prior to the entry of the decree. Pursuant to a resolution of the board of estimate

and apportionment authorizing it, claimants filed a stipulation on June 26, 1931, by which they agreed to accept the said award, with interest from the date of the vesting of title, waived the right of appeal from the final decree or decrees, and consented to the withholding by the comptroller of so much of the award " as he shall determine as the amount probably necessary to pay the assessments to be levied against the property of such claimants," the balance of said award, less the amount of the applicable assessment, as contained in the final decree as to benefit, to be paid to the claimants after the entry of the final decree as to benefit. Accordingly, the comptroller withheld $23,315.48, the amount of the tentative benefit assessment fixed by an earlier decree. On April 23, 1934, the final decree as to benefit assessments was filed and the amount fixed at $20,554.52, being $2,760.96 less than the amount withheld by the comptroller under the stipulation. This difference was not paid until February 23, 1938. The delay in payment, ascribed to alleged conflicting claims unsupported by any proof, was to the advantage of the claimants, because by local law adopted by the municipal authorities, effective May 29, 1936, the assessment for benefit was reduced from $20,554.52, the amount in the final decree, to $13,319.92. On February 23, 1938, the comptroller, pursuant to an order of the court, the terms and conditions of which are not disclosed, paid to petitioners the sum of $9,996.56, which is the difference between $23,315.48 (the amount retained) and $13,318.92 (the amount " of the final benefit assessment "). This sum of $9,996.56 included the sum of $2,760.96 above mentioned. On June 28, 1934, shortly after the filing of the final decree as to assessment for benefit, claimants filed with the comptroller and with the corporation counsel the usual verified claim and demand for the return of the $23,315.48, which it is now alleged the comptroller failed to pay, except that on or about February 24, 1938, he applied the sum of $13,318.92 in payment " of the final assessment for benefit," and on February 23, 1938, paid to petitioners the sum of $9,996.56, which sums were paid and accepted without prejudice to the claim for interest which was due on the amount of money withheld by the comptroller. The claimants assert that they are entitled to interest at six per cent per annum on the sum of $23,315.48 from October 1, 1931, the day that sum was withheld by the comptroller pursuant to stipulation, to July 12, 1934, the date when the assessment for benefit was entered for collection in the office of the city collector; and also interest at the rate of six per cent on the sum of $2,760.96 so withheld, from July 12, 1934, to February 23, 1938, the date of the final payment, the said sum of $2,760.96, as stated, representing the difference between $23,315.48, the sum withheld by the comptroller, and $20,554.52, the amount fixed as the assessment for benefit in the final decree. Under the stipulation claimants accepted the award of $131,377 with interest expressly stated at $45,346.96 (being from the time of vesting of title to July 28, 1931, date of the first separate final decree). However, not a word is said in the stipulation about interest on the amount withheld. In view of the fact that the assessment for benefit had not been fixed, undoubtedly claimants were anxious to have their money and it is likely that the city wished to avoid payment of interest on the unpaid balance of the award. In order to provide for the assessment for benefit and to meet the purpose of all concerned, a practical solution was adopted. In effect, the assessment for benefit was paid in advance by the claimants, any surplus, when the assessment for benefit had been ascertained, to be paid to claimants. The comptroller was really a stakeholder, to pay the

assessment for benefit when it had been determined, and to pay any balance remaining to claimants. It was not intended that the sum so withheld should continue as a part of the award. Therefore, interest should not be allowed from October 1, 1931, the day the sum was withheld by the comptroller pursuant to stipulation, to July 12, 1934, the date when the assessment for benefit was entered for collection in the office of the city collector. The situation with the sum of $2,760.96 is different. When the assessment for benefit was fixed, this balance was immediately due to the claimants. A few days after the filing of the final decree, claimants made a demand for the entire sum due, inclusive of the $2,760.96. The city failed to pay until February 23, 1938. Upon the basis that the $23,315.48 was, in effect, a payment in advance of the assessment for benefit, when it was disclosed that the assessment was fixed at a sum less than the amount deposited, the comptroller held the difference for the benefit of the claimants. Upon the failure to pay after demand, claimants were entitled to interest, it being alleged and not denied that the amount actually paid was accepted without prejudice to the claim for interest. Hagarty and Adel, JJ., dissent and vote to affirm without modification, with the following memorandum: No interest should be allowed. Prior to the order made in February of 1938, no proceeding was instituted by appellants for an order directing respondent to pay to appellants that part of the deposit in excess of the assessment. Their inaction precludes their present claim for interest. During the period intervening the making of the deposit in 1931 and the order of 1938, the assessment was sharply reduced by local law, and the only affirmative action by appellants consisted not in a demand for so much of the deposit as was in excess of the assessment, but of a fantastic claim by appellants in 1934 for the return of the entire deposit, although the assessment was more than $20,000. Under the circumstances, neither justice nor any implied obligation requires the payment of interest.